IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01090-BNB

TERENCE J. HANKINS,

     Applicant,

v.

KEVIN L. MILYARD, Warden, and
STERLING CORRECTION [sic] FACILITY,

     Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 23 2011

GREGORY C. LANGHAM
CLERK

---

### ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Terence J. Hankins, is a prisoner in the custody of the Colorado

Department of Corrections and is currently incarcerated at the Sterling Correctional

Facility in Sterling, Colorado. Mr. Hankins has filed *pro se* an application for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application

liberally because Mr. Hankins is not represented by an attorney. *See Haines v.

Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*,

935 F.2d at 1110. For the reasons stated below, Mr. Hankins will be ordered to file an

amended application.

In the § 2241 application, Mr. Hankins asserts three claims for relief. In his first

claim, he asserts that he is falsely incarcerated based on an unfair state court trial and

conviction. Application at 3. In his second claim, he asserts that "private mining rights

on Rudefeha claim was [sic] over-restricted by provisions of Wy. State Dept. of

Environmental Quality . . . ." *Id.* Third, Mr. Hankins asserts a claim for "civil liabilities for criminal conspiracy to harm Hankins." *Id.* at 4.

In his first claim, Mr. Hankins appears to be challenging the validity of a state court conviction and sentence rather than the execution of his sentence. As a result, his first claim properly is asserted pursuant to 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Hankins' second and third claims are not habeas corpus claims because they do not challenge the validity of a state court conviction or the execution of the state court sentence. Accordingly, these claims may not be asserted in a habeas corpus action. Mr. Hankins is warned that the Court will not consider the merits of any civil rights claims in this action for habeas corpus relief. Therefore, Mr. Hankins will be ordered to file an amended application on the proper form, and assert only habeas corpus claims, if he wishes to pursue his claims in this action.

In addition to filing an amended application on the proper form, Mr. Hankins is advised that he must assert his claims clearly and he must allege specific facts in support of each asserted claim. Mr. Hankins also is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Hankins must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." The Court notes that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle*

2

*v. Felix*, 545 U.S. 644, 655 (2005).   Naked allegations of constitutional violations are

not cognizable under § 2254.  *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir.

1992) (per curiam).

Finally, Mr. Hankins is advised that the only proper respondent to a habeas

corpus action is the applicant's custodian.  *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b),

Rules Governing Section 2254 Cases in the United States District Courts; *Harris v.*

*Champion*, 51 F.3d 901, 906 (10th Cir. 1995).   Therefore, Sterling Correctional Facility

is not a proper party to this action.  Accordingly, it is

ORDERED that Mr. Hankins file **within thirty (30) days from the date of this**

**order** an amended pleading on the proper form that clarifies the constitutional claims

he is asserting and that sets forth specific facts in support of each asserted claim.  It is

FURTHER ORDERED that the clerk of the court mail to Mr. Hankins, together

with a copy of this order, two copies of the following form:  Application for a Writ of

Habeas Corpus Pursuant to 28 U.S.C. § 2254.  It is

FURTHER ORDERED that if Mr. Hankins fails within the time allowed to file an

amended pleading as directed, the application will be denied and the action will be

dismissed without further notice.

DATED May 23, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01090-BNB

Terence J Hankins
Prisoner No.  147323
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on May 23, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
         Deputy Clerk